```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                     WESTERN DIVISION
                      5:15-CR-204-1H
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| RANDY LYNCH | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion for compassionate release filed by counsel [DE #89]. The government has responded in opposition [DE #91] and filed a sealed document in support of their response [DE #92]. Defendant has replied [DE #98], and the government responded to the reply [DE #99]. The government also filed a Notice of Subsequently Decided Authority [DE #100]. This matter is ripe for adjudication.

### BACKGROUND

Defendant, who is 55 years old, moves for compassionate release based on the COVID-19 pandemic and his underlying health conditions.

On November 9, 2015, defendant pled guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms

or more of cocaine. On August 10, 2016, court this sentenced defendant to a total term of imprisonment of 96 months to be followed by five years of supervised release. Defendant's projected release date is April 24, 2022. He is currently serving his sentence at Cumberland FCI in Maryland.

**COURT'S DISCUSSION**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction. . .

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. <u>See</u> Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

and that such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original)(citation omitted). The court will also consider post-sentencing conduct, including evidence of rehabilitation. United States v. Nabaya, 2021 WL 54361, at * 3 (E.D.Va. Jan. 6, 2021).

3

Defendant, though counsel, requested compassionate release from the Warden on June 1, 2020, and the Warden denied the request by letter dated June 15, 2020. The court can consider defendant's motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

According to his medical records, defendant has chronic allergy and asthma symptoms. [DE #98, Ex. A at 1.] In July 2020, he reported to health services with a "raspy" cough and wheezing and noted that he has been "winded." [Id. at 2.] [2]

The government disputes whether defendant can establish extraordinary and compelling circumstances for his release. However, even if the court assumes defendant has shown extraordinary and compelling circumstances, the 3553(a) factors weigh against granting compassionate release. See United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (stating that §

---

[2] Additionally, his medical records show that in July 2020, while he was working at the prison pressure testing air conditioning pipes, a pipe burst and hit him in the right eye, causing a "subconjunctival hematoma in his right eye. [DE #98, Ex. B at 1.]

4

3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]").

To defendant's credit, in the BOP, he has worked in general maintenance and landscaping and receives satisfactory to good work performance evaluations. [DE #89, Ex. A at 1.] He has had no disciplinary issues in the BOP. He has completed various BOP programs, including classes on parenting skills, release preparation, and most notably the 500-hour RDAP drug program. Upon release, defendant plans to return to Hollister, North Carolina. Defendant has been married since 1997, and his marriage remains intact. He and his wife have two children, one a teenager and one a young adult. He also has a good employment history, having owned and operated a salvage yard, a wrecker company and a grill for approximately seventeen years prior to his incarceration.

However, defendant was involved in trafficking cocaine in several Eastern North Carolina counties from 1991 to 2015—over two decades. This activity shows a blatant disregard for the health and safety of his community. It appears he was trafficking cocaine while running the businesses noted above. Additionally, defendant's criminal history includes previous convictions for assault, multiple larceny convictions, assault on a female, resisting or obstructing a public officer, and felony assault. His criminal history does not show a respect for the law. The court finds, having considered the 3553(a) factors as well as his

5

post-sentencing conduct, that the 96-month sentence he already received is the sentence that is sufficient, but not greater than necessary. The court finds defendant will be a danger to the community if released early. Therefore, defendant's motion is DENIED.

## CONCLUSION

Defendant's motion for compassionate release [DE #89] is DENIED.

This 25th day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26